### 172

Tierney, Colgan Co.    ⎫
       vs.         ⎬ Eq.No.4359
Roderick A. McGarry et al ⎭
      June 3, 1918

DORAN, J. Communications passed between officials of complainant and the Business Agent of the union which were understood by said officials to convey a demand that none but union workmen be retained or employed by complainant. Complainant posted notices that thereafter it would run as an open shop. The union voted in reference to complainant's affairs to comply with the union by-laws, meaning not to work with non-union men. This was understood to mean that if the non-union men did not go the union men should. The strike followed. There is evidence of some lingering near complainant's shop by union men, including some of the respondents, of some talk by

union men, including some of the respondents with some of complainant's employees about the latter joining the union or ceasing to work for complainant, of some talk hinting at violence, of some use of a name frequently heard in connection with strikes. One witness who had not been in the union but who left complainant's employ after the strike speaks of the use of the name to him. Two workmen testify to assault upon them by unidentified persons.

Some cases, like National &c. Assn. v. Cummings, 170 N. Y. 315, and Iron Molders v. Allis Chalmers, 166 Fed. 45, read as if almost no practical relief can be afforded for combined interference with a party's business. In Heine v. N. Y. Stock Exchange, 64 N. Y. App. Div. 529, 533, a judge of the Appellate Division pays some attention to National Assn. v. Cumming.

Cases like Curran v. Galen, 152 N. Y. 33;

Connors v. Connolly, 86 Conn. 641;

McCord v. Thompson Starrett, 129 N. Y. App. Div. 130.

Schwartz v. International &c. Assn., 68 Misc. N. Y. 528;

Hanson v. Inness, 211 Mass. 301

give relief wholly or partly on the ground that the monopolization of an entire trade in a community or depriving a person or a class of their means of livelihood is unlawful. There was testimony that said Business Agent said in substance that if complainant ran an open shop all the plumbers in Providence would do the same and that the union could not and wou'd not leave. One might query whether the principle last referred to can apply in this suit.

Proper persuasion to do any lawful act is lawful, but threats, annoyance, interference, persistent undesired intrusion are not lawful. The tendency seems to be to prohibit all picketing properly so called.

24 Cyc. 836.

Barnes v. Typographical Union, 232, Ill. 424.

Re Lengell, 178 Mich. 305.

Atchison &c. Co. v. Gee, 139 Fed. 582.

In argument it was insisted that one or two, perhaps more, respondents were not shown to be connected with complainant's affairs and were entitled to judgment and costs. This decision is to have no effect one way or the other on that question. If a preliminary injunction is granted I think it may be directed to the union, its members, &c., without being a prejudgment of the individual rights of each person served. The bill asks an injunction against maintaining the strike. Such expressions seem to have acquired a special meaning in some jurisdictions, but they sound like ordering those who left to go back to work.

If complainant finally proves its case and meanwhile improper interference is practised, its business may be gone before decision is reached. I think enough has been shown to entitle it to a temporary order against unlawful acts. A decree may be entered enjoining said Roger A. McGarry and said union, its officials and members and their agents until further order from interfering with the business of complainant:

By inducing or enticing any persons having contracts of employment with the complainant to break the same;

By intimidating, threatening, annoying or hindering any person now or hereafter in the employment of complainant or desirous of entering the same from remaining therin or entering the same;

By annoying or interfering with such persons in proceeding to or from their places of abode and complainant's premises or in pursuing their respective ways about the streets;

By congregating in squads in the vicinity of complainant's premises,

establishing or maintaining patrols or pickets in the vicinity of complainant's premises and by causing others to congregate, picket or patrol in the vicinity of said premises for the purpose of intimidating or annoying complainant's employees or in manner calculated to inimidate or annoy them;

By any scheme or design among themselves or with others organized for the purpose of interfering with or injuring complainant's business by intimidating, annoying or obstructing persons now or hereafter in its employ or desirous of entering the same.

For Complainant: Green, Hinckley & Allen.

For Respondents: James A. Shields and J. C. Semonoff.